UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-CR-60056-DAMIAN

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOSHUA ISAIAH SIFFRAIN,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on an Order of Reference (ECF No. 95) from United States District Judge Melissa Damian for the purpose of conducting a proceeding for acceptance of a guilty plea by Defendant Joshua Isaiah Siffrain in the above-referenced case. On February 18, 2026, I conducted a hearing, attended by Defendant, his counsel Assistant Federal Public Defenders Wesley Wallace and Huda Ajlani Macri, and Assistant U.S. Attorney M. Catherine Koontz. I hereby REPORT and RECOMMEND to the District Court as follows:

**I.**     **Competency**

On May 14, 2024, Magistrate Judge Valle grant an agreed motion to have the United States Bureau of Prisons conduct a comprehensive psychiatric and medical examination, pursuant to 18 U.S.C. §§ 4241 and 4247(b), to determine Defendant's competency. [ECF 16]. Dr. Lesli Johnson of the Bureau of Prisons filed a report, dated August 13, 2024, determining that Defendant was not competent to stand trial. [ECF 25]. Consequently, the parties filed a joint motion to order the Bureau of Prisons to commit Defendant to a Federal Medical Center, in accordance with

1

18 § U.S.C. 4241(d), for the purpose of determining whether Defendant's competence could be restored.  [ECF 27].  The Court granted that Motion on August 21, 2024, committing Defendant to the custody of the Attorney General for treatment to restore his competency. [ECF 29].

On June 2, 2025, Psychology Doctoral Intern Emily Peirce, Forensic Psychologist Allyson Sharf, and Neuropsychologist Tracy O'Connor-Pennuto (all for the Federal Medical Center in Butner, North Carolina) submitted a report opining that Defendant continued to suffer from a mental disease or defect rendering him not competent to stand trial.  [ECF 65].  However, the report further observed that Defendant had evidenced some improvement in symptoms with adherence to a regimen of psychotropic medication and opined that there was a substantial likelihood that Defendant could be restored to competency following a further evaluation and treatment period.  *Id*.  Consequently, the Court granted the Government's motion [ECF 63] for an additional 120-day restoration period.  [ECF 67, 74].

On October 27, 2025, the Court received a further competency report from Dr. Sharf dated October 15, 2025.  [ECF 82].  That report concluded that Defendant's symptoms had improved, thanks to compliance with prescribed medication and increased effort in demonstrating competency-related abilities.  *Id*.  With that improvement, Dr. Sharf concluded that Defendant had demonstrated awareness and understanding of the charges against him and their consequences, an understanding of court proceedings and the roles of the participants in those proceedings, and an ability to assist his attorney in his defense (including an "increased ability to reason through case-related decisions" and an "improved understanding of the risks and benefits of such decisions.").  *Id*. at 13.  Therefore, Dr. Sharf opined that Defendant is competent to proceed. *Id*. at 14.  Along with Dr. Sharf's report, the Court received a Certificate of Restoration of Competency from B. Lott, Acting Warden of the Federal Medical Center at Butner.  [ECF 87].

After the "the director of the facility in which a defendant is hospitalized pursuant to [§ 4241(d)] determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense" and files a certificate with the court to that effect, the court must conduct a hearing, pursuant to §4247(d). 18 U.S.C. § 4241(e). Following that hearing, the court must determine (by a preponderance of evidence) "whether the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense[.]" *Id.* *See also United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (stating the standard for competence to stand trial).

At the February 18, 2026 hearing, I conducted the required hearing pursuant to 18 U.S.C. §§ 4241 and 4247. Both parties acknowledged receipt of Dr. Sharf's October 15, 2025 report [ECF 82] and acknowledged that the Court could take judicial notice of its contents. Both parties declined the opportunity to present further evidence. The parties further stipulated that the Court could find, based on Dr. Sharf's report, that Defendant is competent to proceed. Indeed, as part of the plea colloquy discussed below, Defendant's counsel specifically acknowledged their belief that Defendant was competent to proceed. Additionally, as part of the plea colloquy discussed below, I had the opportunity to question Defendant regarding his ability to understand the proceedings and to think clearly. Defendant answered all of my questions and indicated that he understood the proceedings, that he was compliant with his medication, that the medication enabled him to think clearly (and that it did not interfere with his ability to think clearly), and that his symptoms had improved compared to several months ago. I also was able to observe Defendant's answers and demeanor while asking other questions about his decision to plead guilty.

Based on contents of Dr. Sharf's report, my observations of Defendant and his answers to

3

my questions, and the parties' stipulation, I find that Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. I therefore recommend that the Court find Defendant competent to proceed.

## II.     Arraignment

At the February 18, 2026 hearing, in accordance with Federal Rule of Criminal Procedure 10(a), I confirmed that Defendant had received a copy of the Indictment pending against him and had reviewed it with his attorneys prior to the hearing. Defendant waived a formal reading of the Indictment. Nevertheless, I confirmed with Defendant that he had reviewed the entire Indictment and understood the charges against him.

## III.    Guilty Plea

At the outset of the hearing, I advised Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, I advised Defendant that I was conducting the hearing on an Order of Reference from the District Judge. I further advised Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence.

I advised Defendant that he did not have to permit me, a United States Magistrate Judge, to conduct this hearing and could request that the hearing be conducted only by a United States District Judge. Defendant and the Assistant United States Attorney assigned to the case all agreed on the record and consented to me conducting the hearing.

I conducted a plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and Rule 11 of the Federal Rules of Criminal Procedure.

The Parties have entered into a written Plea Agreement. [ECF No. 101]. I reviewed the Plea Agreement on the record and had Defendant acknowledge that he signed and understood the

Plea Agreement.  I also made certain that Defendant was aware of any applicable mandatory minimum sentences (there are none) and statutory enhancements (there are none).  I advised Defendant of the maximum sentence that could be imposed in this case pursuant to the Plea Agreement and the applicable statutes.   Defendant acknowledged that he understood the possible maximum penalties (including fines, supervised release, restitution, forfeiture, and special assessments) that could be imposed in this case.

Defendant pleaded guilty to count 3 of the Indictment, which charges him with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

The Parties provided a signed, agreed written factual basis for the entry of the plea (ECF No. 100), which includes all the essential elements of the crime to which Defendant is pleading guilty and any statutory sentencing enhancements and/or aggravating factors that may be applicable (there are none).   Defendant acknowledged on the record that he read and understood the written factual proffer, had signed that proffer, agreed that the facts set forth in the proffer were true and accurate, and agreed that the proffer included the essential elements of the offense to which he is pleading guilty.

I advised Defendant about the possible immigration and other collateral consequences of his guilty plea.

Defendant expressed satisfaction with his counsel's representation.

Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Based on all the foregoing and the plea colloquy, I **RECOMMEND** that Defendant, Joshua Isaiah Suffrain:

(1) be found competent to stand trial and competent to enter a knowing and informed guilty

plea;

(2) be found to have freely and voluntarily entered his guilty plea to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2);

(3) that his plea of guilty be accepted, and;

(4) that he be adjudged guilty of this offense.

I further recommend that a sentencing hearing be conducted for final disposition of this matter.

The parties will have three (3) days[1] from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Melissa Damian, United States District Judge.  If neither party has an objection to this Report and Recommendation, the parties shall file a joint notice of non-objection within three (3) days from the date of being served with a copy of this Report and Recommendation.  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of any issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 18th day of February, 2026.



Jared M. Strauss
United States Magistrate Judge

---

[1] On the record, the parties indicated they had no objection to shortening the objection period to three days.